IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 12-cv-01060-MSK-MJW

JAMIE DAVIS,

        Plaintiff,

v.

MARK KELLAR, individually and in his official capacity as Health Services
Administrator at FCI Florence;
LISA MCDERMOTT, individually and in her official capacity as Assistant Health Services
Administrator;
PETER BLUDWORTH, individually and in his official capacity as Associate Warden;
DR. DAVID ALLRED, individually and in his official capacity as Clinical Director at FCI
Florence;
DR. GEORGE SANTINI, individually and in his official capacity as Staff Physician at FCI
Florence;
CARI RITTER, P.A., individually and in her official capacity as mid-level provider at FCI
Florence;
A. VINYARD, P.A., individually and in her official capacity as mid-level provider at FCI
Florence;
MIKE GOODIN, individually and in his official capacity as Chief Pharmacist at FCI
Florence;
GILBERTA TRUJILLO, individually and in her official capacity as Medical Secertary
[sic]; and
S. HENDRICKS, R.N., individually and in her official capacity as Registered Nurse at FCI
Florence,

        Defendants.

---

## OPINION AND ORDER OVERRULING OBJECTIONS AND
## ADOPTING RECOMMENDATION

---

THIS MATTER comes before the Court on the August 5, 2013, Recommendation (#55)

of United States Magistrate Judge Michael J. Watanabe that the Defendants' Motion to Dismiss

(#24) be granted.  The Plaintiff Jamie Davis filed timely Objections (#57) to the

Recommendation.

## I.      Material Facts

Mr. Davis is a prisoner housed at the federal prison facility in Florence, Colorado.[1]

According to his Complaint **(#1)**, Mr. Davis began suffering from excessive nose bleeds in 2009.

In May 2010, he saw Defendant Dr. Santini.  Dr. Santini examined him and recommended that

Mr. Davis consult with a surgeon.  The request for a surgical consult was presented to the

Utilization Review Committee[2] for approval.  The committee denied the consult, and instead,

referred Mr. Davis back to Dr. Santini.  Mr. Davis alleges that the request was denied "to save

money."  In January 2011, Mr. Davis was finally approved for a surgical consult with a

specialist.  He alleges that the delay in treatment by a specialist caused permanent damage to his

nose.  Mr. Davis claims that the Defendants denied him adequate medical care in violation of his

rights under the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution.[3]

## II.      Issues Presented

The Defendants move to dismiss **(#24)** the claims against them under Fed. R. Civ. P.

12(b)(1) and 12(b)(6).  The matter was referred to the Magistrate Judge, who recommends that

the motion be granted.  As pertinent here, the Magistrate Judge found that the Complaint failed

---

[1]  In reviewing his pleadings, the Court is mindful of Mr. Davis's *pro se* status, and accordingly, reads his pleadings liberally.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  However, such liberal construction is intended merely to overlook technical formatting errors and other such defects in the Plaintiff's use of legal terminology and proper English.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  *Pro se* status does not relive the Plaintiff of the duty to comply with various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, the Court will treat the Plaintiff according to the same standard as counsel licensed to practice law before the bar of this Court.  *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

[2] According to Mr. Davis, the Committee was comprised of Defendants Kellar, McDermott, Bludworth, Allred, Santini, Ritter, Vineyard, and Trujuillo
[3] On August 1, 2012, Mr. Davis filed an additional pleading **(#18)**, which appears to be a motion to amend his complaint.  It appears from the pleading that Mr. Davis moves to amend his complaint to include the United States as a defendant, and to assert a claim under the Federal Tort Claims Act (FTCA).  Because his motion was not filed as such, it has not been ruled on.

to sufficiently allege that the Defendants acted with "deliberate indifference" to Mr. Davis's

medical needs, in violation of his Eighth Amendment right to be free from cruel and unusual

punishment.  *See Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006).

Mr. Davis objects to the Recommendation only with regard to his Eighth Amendment

claims.  He argues that the Magistrate Judge should have considered the exhibits he attached to

his response to the motion to dismiss, asserting that these exhibits establish his claim for

deliberate indifference.  He also argues that his Complaint sufficiently alleges a claim under the

Eighth Amendment with regard to the committee's denial of a surgical consult.[4]

### III.    Standard of Review

When a magistrate judge issues a recommendation on a dispositive motion, the parties

may file specific, written objections within fourteen days after being served with a copy of the

recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The district court shall make a

*de novo* determination of those portions of the recommendation to which timely and specific

objection is made.  *U.S. v. One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057,

1060 (10th Cir. 1996).

### IV.    Analysis

As an initial matter, the Court rejects Mr. Davis's argument the Court must consider the

exhibits he attached to his response to the motion to dismiss.  It appears that these exhibits were

submitted to establish the merits of his claim.  When a party submits materials outside the

---

[4] Mr. Davis also appears to argue that the Magistrate Judge erred in concluding that the statute of limitation applicable to his claims should not be tolled as to events that occurred before April 18, 2010.  However, Mr. Davis then admits that April 18, 2010 is "the cutoff for tolling [because] before that time plaintiff was not even sure himself of the extent of his issue."  He then relies on his allegations of events that occurred after April 18, 2010 to argue that he stated a claim under the Eighth Amendment.  Thus, the Court does not understand Mr. Davis to be asserting any specific objection as to tolling of the statute of limitation.

pleadings in support of or in opposition to a Rule 12(b)(6) motion, a court has broad discretion

whether to accept or consider them.  *See Lowe v. Town of Fairland*, 143 F.3d 1378, 1381 (10th

Cir. 1998).  However, when a court relies on material from outside the pleadings, it must treat

the motion to dismiss as a motion for summary judgment.  *See* Fed. R. Civ. P. 12(d).  Here, the

Court declines to consider matters outside the pleadings in evaluating the motion to dismiss.

As to Mr. Davis's remaining objection, the Court has reviewed the Recommendation *de*

*novo* and reaches the same conclusions articulated in the Recommendation.  The allegations in

the Complaint are insufficient to state a claim for deliberate indifference.  The Tenth Circuit has

held that the decision that a patient requires a specialist is a decision about the patient's course of

treatment, and the "negligent treatment of a medical condition does not constitute a medical

wrong under the Eighth Amendment."  *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir.

2008) (internal quotations omitted).  Rather, for a prisoner to show that a lack of medical

attention violated his constitutional rights, he must show "unnecessary and wanton infliction of

pain."  *Id.* at 1238 (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).  Mr. Davis's allegations

simply do not rise to the level of "unnecessary and wanton."  Thus, he has failed to state a claim

that the denial of treatment by a specialist violated his Eighth Amendment rights.

5

For the forgoing reasons, the Court **OVERRULES** the Plaintiff's Objections **(#57)** and

**ADOPTS** the Recommendation **(#55)**.  The Defendants' Motion to Dismiss **(#24)** is

**GRANTED**.  However, the Plaintiff is granted leave to file an amended complaint.  If he fails to

do so within 30 days of the date of this Order, the Clerk of the Court shall close the case.

Dated this 10th day of September, 2013.

**BY THE COURT:**

Marcia S. Krieger
Chief United States District Judge

5