IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  12-cv-01060-MSK-MJW

JAMIE LEE DAVIS,

Plaintiff(s),

v.

UNITED STATES OF AMERICA,

Defendant(s).

---

## RECOMMENDATION ON
## DEFENDANT'S MOTION TO DISMISS (Docket No. 91)

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case was referred to the undersigned pursuant to the Order Referring Case issued by Chief Judge Marcia S. Krieger on June 20, 2012.  (Docket No. 12).

On April 19, 2012, plaintiff Jamie Davis, without counsel, filed a Prisoner Complaint that was brought pursuant brought pursuant to 28 U.S.C. § 1331 and <u>Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971), and which was dated April 18, 2012.  (Docket No. 1).  On August 1, 2012,[1] the pro se plaintiff's document entitled "Amended Prisoner Complaint and or Substitution of Defendant" was filed.  (Docket No. 18).  That document was docketed as a tendered

---

[1] The Certificate of Service with that document states that it was mailed to the court and the government on July 28, 2012, and the signature block states July 29, 2012.  Pursuant to the "prison mailbox rule" for pro se prisoner complaints, a document is considered filed on the date that it is provided to prison officials for mailing.  <u>See Price v. Philpot</u>, 420 F.3d 1158, 1164 (10th Cir. 2005).

pleading.  It appears from a liberal reading of the content of that document, however,

that plaintiff was actually moving to substitute the United States as a defendant for two

of the named defendants, Goodin and Ritter, and to bring a Federal Tort Claims Act

("FTCA") claim against the United States based upon plaintiff's allegations against

Goodin and Ritter in his original pleading.  Plaintiff stated in that document:

> Comes now the Plaintiff Jamie L. Davis, before this court with a motion to Amend Prisoner complaint or substitute defendants.  The Plaintiff is amending the complaint to include the United States Goverment [sic].  The Plaintiff filed Federal Tort Claim against the defendants to include to [sic] Public Health Services Officers, Chief Pharmacist Mike Goodin, PA Cari Ritter both Commissioned Officers in the Public Health Services.  The Federal Tort Claim Number is TRT-NCR-2012-00688 under the Federal Tort Claims Act, Title 28 USC § 1346(b), 2671 et.seq. [sic], alleging liabilty [sic] of the United States Goverment [sic].  This Claim was answered on 02-13-2012.  The Plaintiff wishes to include all previous claims for the defendants Goodin and Ritter.  By filing the Tort Claim against the Public Health Services Officers Goodin and Ritter the remedy against the United States Goverment [sic] is provided by 28 USC § 1346(b) and 2672 for damage and for personal injury, including death, resulting from performance of medical, surgical, dental or related function including conduct of clinical studies or investigation, by any Commissioned Officer or employee of the Public Health Service while acting within the scope of his office or employment shall be exclusive of any other civil action or proceeding by reason of the same subject matter agaainst [sic] the Officer or employee whose act or omission gave rise to claim.  Although Defendants Goodin and Ritter maynot [sic] be personally subject to Bivens actions for harm arising out of such conduct 42 USC § 233(a) the fact that a Federal Tort Claim was filed the United States Goverment [sic] assumes the liability.  Plaintiff now addresses the possibilty [sic] that the substitution of the United States Goverment [sic] as a defendant and a conversion of the Plaintiff's Bivens claim under the Federal Tort Claims Act would be appropriate in the circumstances presented here for the defendants Goodin and Ritter.  Plaintiff ask this court to consider the possibility that a substitution of defendant may be appropriate in this instance.  Plaintiff asks this court to consider this motion and the United States Goverment [sic] be considered a defendant.

(Docket No. 18).  Plaintiff did not tender a proposed amended pleading at that time.

Thereafter, on August 6, 2014, the named defendants, in their individual and

official capacities, through an Assistant United States Attorney ("AUSA"), moved to set a

consolidated responsive pleading deadline.  (Docket No. 20).  In that motion, the AUSA

took note of the plaintiff's "Amended Prisoner Complaint And/Or Substitution of

Defendant" (Docket No. 18), stating: "[i]n that document, Plaintiff appears to be

attempting to substitute the United States as a defendant in place of Defendants Goodin

and Ritter and to add a claim under the Federal Tort Claims Act."  (Docket No. 20 at 2, ¶

2).  The AUSA further noted that plaintiff failed to include an amended complaint with

his filing.  (Docket No. 20 at 2, ¶ 2).  The AUSA then noted the dates of service of the

original complaint and the resultant deadlines for their responsive pleadings and further

stated "[t]o the extent that the Court construes Plaintiff's August 1, 2012, filing as

effectively amending his complaint to include the United States as a defendant, and that

no additional service is required on the United States (based on the service on

Defendants in their official capacities), the United States' response to the complaint, as

amended is due on **August 15, 2012.** . . ."  (Docket No. 20 at 2, ¶ 5) (emphasis in

original).  Due to the different deadlines to file responsive pleadings for the defendants

"(and the United States, if the Court construes Doc. 18 to have properly substituted it as

a defendant)" a consolidated deadline was requested.  (Docket No. 20 at 2 ¶ 6).  It was

noted that a copy of the motion was being served upon the designated agency

representative for Defendants.  (Docket No. 20 at 3, ¶ 8).  This court granted the motion

and set a consolidated deadline for defendants to file a responsive pleading to all of

plaintiff's claims.  (Docket No. 22).

Defendants then filed a motion to dismiss for lack of jurisdiction and failure to

state a claim.  (Docket No. 24).  On September 10, 2014, Chief Judge Krieger adopted

my report and recommendation (Docket No. 55) and granted the motion to dismiss (Docket No. 24) but granted plaintiff leave to file an amended complaint to state a FTCA claim.  (Docket No. 65, see Docket No. 55 at 21).   While the report and recommendation was pending a ruling by Chief Judge Krieger, plaintiff moved on August 19, 2013, for leave to amend his pleading to state a FTCA claim (Docket No. 59) and for appointment of counsel and to file a certificate of review pursuant to § 13-20-602, C.R.S. (Docket No. 60).  These motions were denied without prejudice as premature.  (Docket No. 64).  After Chief Judge Krieger's ruling on the report and recommendation, plaintiff renewed his motions (Docket Nos. 66 and 67).  Plaintiff was given up to and including November 9, 2013, to file an Amended Complaint.  (Docket No. 75).  Plaintiff's other two motions were denied as premature.  (Docket No. 75).

On November 7, 2013, plaintiff moved to amend his Complaint, which was granted on December 5, 2013, and the tendered Amended Pleading to State a Complaint Under Federal Tort Claim Act (Docket No. 83) was accepted for filing.  I subsequently granted plaintiff's motion for appointment of counsel.  (See Docket Nos. 87 and 89).

Defendant United States of America then filed a Motion to Dismiss (Docket No. 91) which is now before the court for a report and recommendation.  The pro se plaintiff filed a Response (Docket No. 93).  Pro bono counsel was then selected on February 27, 2014, and given 60 days to enter an appearance or withdraw.  (Docket No. 97).  Counsel did appear (Docket Nos. 100 and 101) and timely filed a response (Docket No. 106) to the motion to dismiss as well as a Certificate of Review (Docket No. 105).  The court has considered the Motion to Dismiss (Docket No. 91) and the two

responses thereto (Docket Nos. 93 and 106) as well as applicable Federal Rules of Civil

Procedure and case law.  In addition, the court has taken judicial notice of the court file.

The court now being fully informed makes the following findings, conclusions of law, and

recommendation.

Defendant United States of America moves to dismiss the Amended Complaint

on the grounds that the court lacks subject matter jurisdiction over the plaintiff's medical

negligence claims because he did not bring his FTCA claim within six months of his

administrative claim being denied as required by the FTCA.  Alternatively, defendant

asserts that plaintiff's claims are subject to dismissal because he has failed to file a

certificate of review showing review of his claims by a licensed healthcare professional

as required by Colorado law.

Rule 12(b)(1):

empowers a court to dismiss a Complaint for "lack of jurisdiction over the
subject matter." Fed. R. Civ. P. 12(b)(1).  As courts of limited jurisdiction,
federal courts may only adjudicate cases that the Constitution and
Congress have granted them authority to hear. *See* U.S. CONST. art. III,
§ 2; *Morris v. City of Hobart*, 39 F.3d 1105, 1110 (10th Cir. 1994).  Statutes
conferring jurisdiction on federal courts are to be strictly construed.  *See F
& S Constr. Co. v. Jensen*, 337 F.2d 160, 161 (10th Cir. 1964).  A Rule
12(b)(1) motion to dismiss "must be determined from the allegations of
fact in the complaint, without regard to mere conclusionary allegations of
jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971).
The burden of establishing subject matter jurisdiction is on the party
asserting jurisdiction.  *See Basso v. Utah Power & Light Co.*, 495 F.2d
906, 909 (10th Cir. 1974).

Motions to dismiss pursuant to Rule 12(b)(1) may take two forms.
First, if a party attacks the facial sufficiency of the complaint, the court
must accept the allegations of the complaint as true.  *See Holt v. United
States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995).  Second, if a party attacks
the factual assertions regarding subject matter jurisdiction through
affidavits and other documents, the court may make its own findings of
fact.  *See id.* at 1003.  A court's consideration of evidence outside the

pleadings will not convert the motion to dismiss to a motion for summary judgment under Rule 56.  *See id.*

Cherry Creek Card & Party Shop, Inc. v. Hallmark Marketing Corp., 176 F. Supp.2d

1091, 1094-95 (D. Colo. 2001).

A motion to dismiss pursuant to Rule 12(b)(6) alleges that the complaint fails "to

state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "A complaint

must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) if it does not plead 'enough facts

to state a claim to relief that is plausible on its face.'"  Cutter v. RailAmerica, Inc., 2008

WL 163016, at *2 (D. Colo. Jan. 15, 2008) (quoting Bell Atlantic Corp. v. Twombly, 550

U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)).  "While a complaint attacked by a Rule

12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's

obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels

and conclusions, and a formulaic recitation of the elements of a cause of action will not

do . . . ."  Twombly, 550 U.S. at 555 (citations omitted).  "Factual allegations must be

enough to raise a right to relief above the speculative level."  Id.  "[A] plaintiff must

'nudge [] [his] claims across the line from conceivable to plausible' in order to survive a

motion to dismiss. . . .  Thus, the mere metaphysical possibility that *some* plaintiff could

prove *some* set of facts in support of the pleaded claims is insufficient; the complaint

must give the court reason to believe that *this* plaintiff has a reasonable likelihood of

mustering factual support for *these* claims."  Ridge at Red Hawk, L.L.C. v. Schneider,

493 F.3d 1174, 1177 (10th Cir. 2007) (quoting Twombly, 127 S. Ct. at 1974).

"[P]lausibility refers 'to the scope of the allegations in a complaint: if they are so

general that they encompass a wide swath of conduct, much of it innocent, then the

plaintiff[] 'ha[s] not nudged [his] claim[] across the line from conceivable to plausible.'"

Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012).  Furthermore, "[t]he

nature and specificity of the allegations required to state a plausible claim will vary

based on context."  Id.  "[T]he *Twombly/Iqbal* standard is 'a wide middle ground

between heightened fact pleading, which is expressly rejected, and allowing complaints

that are no more than labels and conclusions or a formulaic recitation of the elements of

a cause of action, which the Court stated will not do.'"  Id.

     For purposes of a motion to dismiss pursuant to Rule 12(b)(6), the court must

accept all well-pled factual allegations in the complaint as true and resolve all

reasonable inferences in the plaintiff's favor.  Morse v. Regents of the Univ. of Colo.,

154 F.3d 1124, 1126-27 (10th Cir. 1998); Seamons v. Snow, 84 F.3d 1226, 1231-32

(10th Cir. 1996).  However, "when legal conclusions are involved in the complaint 'the

tenet that a court must accept as true all of the allegations contained in a complaint is

inapplicable to [those] conclusions' . . . ."  Khalik, 671 F.3d at 1190 (quoting Ashcroft v.

Iqbal, 129 S. Ct. 1937, 1949 (2009)).  "Accordingly, in examining a complaint under

Rule 12(b)(6), [the court] will disregard conclusory statements and look only to whether

the remaining, factual allegations plausibly suggest the defendant is liable."  Id. at 1191.

     The defendant asserts that this court lacks subject matter jurisdiction over

plaintiff's FTCA claim because plaintiff failed to bring his FTCA claim within six months

after his administrative claim was denied.  The United States is generally entitled to

sovereign immunity from suit.  However, the FTCA grants subject matter jurisdiction to

federal courts over claims against the United States seeking money damages for

personal injury caused by the negligence of federal employees while acting within the

8

scope of their employment.  28 U.S.C. § 1346(b)(1); see Nero v. Cherokee Nation of

Okla., 892 F.2d 1457, 1463 (10th Cir.1989).  The FTCA requires a claimant to exhaust

administrative remedies prior to initiating an FTCA action in federal court, a

"requirement [that] is jurisdictional and cannot be waived."  Nero, 892 F.2d at 1463.  A

claimant must file an administrative tort claim with the appropriate federal agency within

two years of the date of the claim's accrual before initiating an FTCA action in federal

district court.  28 U.S.C. §§ 2401(b), 2675(a); Pipkin v. U.S. Postal Serv., 951 F.2d 272,

274 (10th Cir. 1991).  If the agency denies the claim within six months after it is filed, or

fails to respond, the claimant must then initiate an FTCA action in a district court (or

seek reconsideration from the agency) within six months of the notice of denial of the

claim.  28 U.S.C.A. §§ 2401(b), 2675(a).  If the claimant fails to timely comply with the

FTCA's exhaustion requirement and does not timely commence an action in federal

court, the claim is forever barred.  28 U.S.C. § 2401(b) ("A tort claim against the United

States shall be forever barred ... unless action is begun within six months after the date

of mailing . . . of notice of final denial of the claim by the agency . . . ."); Haceesa v.

United States, 309 F.3d 722, 733 n.9 (10th Cir. 2002).  "[T]he district court lacks subject

matter jurisdiction to proceed under the FTCA if a plaintiff fails to satisfy the FTCA's

timing requirements set forth in 2401(b)."  Franklin Savings Corp. v. United States, 385

F.3d 1279, 1287 (10th Cir. 2004); see United States v. Kubrick, 444 U.S. 111, 117–18

(1979) (the statute of limitations provided in § 2401(b) is strictly construed because the

FTCA "waives the immunity of the United States").

        Under Rule 15(c)(1) of the Federal Rules of Civil Procedures, an amendment of a

pleading relates back to the original pleading when:

9

    (A) the law that provides the applicable statute of limitations allows relation back;

    (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out–or attempted to be set out–in the original pleading; or

    (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

        (i) received such notice of the action that it will not be prejudiced in defending on the merits; and

        (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1).  Furthermore, with regard to notice to the United States, Fed.

R. Civ. P. 15(c)(2) provides:

    When the United States or a United States officer or agency is added as a defendant by amendment, the notice requirements of Rule 15(c)(1)(C)(i) and (ii) are satisfied if, during the stated period, process was delivered or mailed to the United States attorney or the United States attorney's designee, to the Attorney General of the United States, or to the officer or agency.

Fed. R. Civ. P. 15(c)(2).

    Here, defendant notes that the Bureau of Prisons sent its denial of plaintiff's administrative tort claim by certified mail on February 13, 2012, but plaintiff did not include a FTCA claim in his initial complaint.  Defendant asserts that plaintiff did not initiate a FTCA claim until, at the earliest, October 7, 2013, when he filed a motion for leave to amend his complaint to add a FTCA claim (Docket No. 66).  Defendant further notes that plaintiff's amended pleading was not accepted for filing until December 2013. (Docket No. 83).  In either case, defendant contends that plaintiff's FTCA claim was not

filed within the required six months from the date of the denial of his administrative

claims, and thus plaintiff's FTCA claim against the United States is barred by the

applicable limitations period codified in 28 U.S.C. § 1401(b).

This court, however, agrees with the arguments made in both the pro se

Response and in the Supplemental Response (Docket No. 106) filed by plaintiff's

counsel and finds that the plaintiff timely raised his FTCA claim against the United

States.  Significantly, as noted in the text above, on August 1, 2012, which was before

the six-month limitation period lapsed, the Clerk's Office filed plaintiff's document

entitled "Amended Prisoner Complaint and or Substitution of Defendant " (Docket No.

18).  Although the document was docketed by the Clerk's Office merely as a tendered

pleading, rather than as a motion, a liberal reading of that document shows that the then

pro se plaintiff was actually moving to substitute the United States as a defendant for

two of the named defendants, Goodin and Ritter, and to bring a FTCA claim against the

United States.  That document (Docket No. 18) referenced plaintiff's federal tort claim

and provided the federal tort claim number.  Thus, prior to the expiration of the six-

month limitations period, plaintiff sought to amend his Complaint to raise a FTCA claim

against the United States.  Plaintiff's claim should not be foreclosed based on how his

document (Docket No. 18) was docketed.

The court agrees with plaintiff that he was diligent in pursuing such a claim.  At

the conclusion of my report and recommendation (Docket No. 55) regarding the first

motion to dismiss (Docket No. 24), I took note of the plaintiff's filing (Docket No. 18) and

ultimately recommended that plaintiff be given an opportunity to move for leave to

amend his pleading to state a FTCA claim (Docket No. 55 at 21).  Two weeks after that

report and recommendation was filed, the then pro se plaintiff moved for leave to amend his pleading to state a FTCA claim (Docket No. 59).  This court denied that motion without prejudice.  (Docket No. 64).  Once Chief Judge Krieger ruled on my report and recommendation (Docket No. 65), plaintiff once again sought leave to amend his pleading to state a FTCA claim.  (Docket No. 66).  This court gave plaintiff until November 9, 2013, to file an Amended Complaint (Docket No. 75), and plaintiff timely filed his motion to amend with a tendered amended pleading (Docket No. 79), which was accepted for filing (Docket No. 82).

Furthermore, the government was on notice of the FTCA claim prior to the expiration of the time for service of process, and there has been no showing of prejudice in defending the merits.  As noted above, when moving for a consolidated responsive pleading deadline (Docket No. 20), the AUSA made specific reference to the plaintiff's filing (Docket No. 18), stating that it appeared that plaintiff was attempting to substitute the United States as a defendant in place of two of the named defendants and to add a claim under the FTCA.  (Docket No. 20 at 2).  The AUSA further stated that to the extent the court construed the plaintiff's document as effectively amending his Complaint to include the United States as a defendant, and that no additional service was required on the United States based on the service on defendants in their official capacities, the United States' response to the Complaint as amended would be due on August 15, 2012.  (Docket No. 20 at 2).  The AUSA noted that a copy of her motion was being served upon the designated agency representative for the defendants.  (Docket No. 20 at 3).  The AUSA also addressed plaintiff's filing (Docket No. 18) in its first motion to dismiss (Docket No. 24).

12

In sum, this court finds that the Amended Pleading (Docket No. 83) relates back to plaintiff's filing on August 1, 2012 (Docket No. 18), and to the original pleading (Docket No. 1).  The plaintiff's FTCA claim clearly "arose out of the conduct, transaction, or occurrence set out–or attempted to be set out–in the original pleading."  Fed. R. Civ. P. 15(c)(1)(B).  Furthermore, the United States Attorney had actual knowledge of the August 1, 2012 (Docket No. 18) filing, as evidenced by the AUSA's repeated mention of it in her motion for a combined response time.  (Docket No. 20).  As noted by plaintiff's counsel, the Advisory Committee note to Rule 15 emphasizes that what matters is that the party brought in by amendment received notice of the existence of the action within the period of limitations; "the notice need not be formal[.]" Fed. R. Civ. P. 15 Advisory Committee Note.  Therefore, the FTCA should not be dismissed as untimely.

Defendant also moves to dismiss the Amended Complaint on the ground that the plaintiff has not filed a Certificate of Review pursuant to § 13-20-602, C.R.S.  This argument is now moot.  This court granted plaintiff an extension of time to file the Certificate of Review (Docket No. 104), which plaintiff's pro bono counsel then timely filed on July 7, 2014 (Docket No. 105).

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that the defendant's Motion to Dismiss (Docket No. 91) be **denied**.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District**

13

**Judge assigned to the case.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. <u>Makin v. Colorado Dep't of Corrections</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date:  August 14, 2014               <u>s/ Michael J. Watanabe</u>
       Denver, Colorado             Michael J. Watanabe
                                   United States Magistrate Judge