**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger**

Civil Action No. 12-cv-01060-MSK-MJW

**JAMIE DAVIS,**

      **Plaintiff,**

**v.**

**UNITED STATES OF AMERICA,**

      **Defendant.**

---

**ORDER ADOPTING RECOMMENDATION OF MAGISTRATE JUDGE**

---

**THIS MATTER** comes before the Court on the Recommendation (**# 107**) of the Magistrate Judge that the Motion to Dismiss (**# 91**) filed by Defendant United States of America be denied. Neither party filed objections to the Recommendation.

## I.      Background

Jamie Davis is a prisoner housed at the federal prison facility in Florence, Colorado. On September 12, 2011, he filed an administrative tort claim with the Federal Bureau of Prisons ("BOP") regarding the medical treatment he received for excessive nose bleeds. That claim was denied by a letter dated February 13, 2012. Mr. Davis subsequently filed a complaint with this Court dated April 18, 2012, pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), against several federal employees in their individual and official capacities. On August 1, 2012, Mr. Davis submitted a document titled "Amended Prisoner Complaint and or Substitution of Defendant" (the

"APCSD") (# **18**).[1]  The Court agrees with the Magistrate Judge that a liberal reading of the

document reflects that Mr. Davis intended to substitute the United States as a defendant for two

of the named defendants, and to bring a Federal Tort Claims Act ("FTCA") claim against the

United States based upon the same factual allegations underlying his claims against the two

defendants in his original pleading.  Mr. Davis did not tender a proposed amended pleading at

the time.

On August 6, 2012, the named defendants, in their individual and official capacities,

through an Assistant United States Attorney ("AUSA"), moved to set a consolidated responsive

pleading deadline (# **20**).  The motion said that Mr. Davis "appears to be attempting to substitute

the United States as a defendant in place of Defendants Goodin and Ritter and to add a claim

under the Federal Tort Claims Act."  After the named defendants moved to dismiss for lack of

jurisdiction and failure to state a claim (# **24**), the Court adopted the recommendation of the

Magistrate Judge and granted dismissal (# **65**).  In its order, the Court recognized that Mr. Davis'

APCSD appeared to be a motion to amend the complaint to include the United States as a

defendant and to assert a claim under the FTCA, but said that "[b]ecause his motion was not filed

as such, it has not been ruled on."  Nonetheless, pursuant to the Magistrate Judge's

recommendation, Mr. Davis was granted leave to file an amended complaint.

The amended complaint (# **83**) names the United States as the defendant and included a

claim under the FTCA regarding Mr. Davis' medical treatment for his excessive nose bleeds.

The United States filed a motion to dismiss (# **91**), first asserting that the Court lacks subject

---

[1]     As the Magistrate Judge noted, pursuant to the "prison mailbox rule" for pro se prisoners, certain documents will be treated as having been "filed" on the date they are given to prison authorities for mailing to the Court.  *See Price v. Philpot*, 420 F.3d 1158, 1165 (10th Cir. 2005). The signature line of the APCSD is dated July 29, 2012, and the Certificate of Service is dated July 28, 2012.  Nonetheless, there is no material difference between the dates for present purposes, and for ease the Court will refer to August 1, 2012.

matter jurisdiction because Mr. Davis' complaint was filed more than six months after his claim was denied by the BOP, and also urging dismissal on the grounds that Mr. Davis had failed to file a certificate of review pursuant to Colo. Rev. Stat. § 13-20-602. Mr. Davis filed a pro se response (# **93**), to which the government replied (# **96**). Mr. Davis' appointed counsel filed a supplemental response to the motion to dismiss (# **106**). The matter was referred to the Magistrate Judge, who issued a Recommendation (# **107**) that the motion to dismiss be denied. He concluded that Mr. Davis' amended pleading relates back to the August 1, 2012 filing and to the original complaint. The Magistrate Judge also concluded that the government's argument with regard to the certificate of review was rendered moot after he granted Mr. Davis an extension of time to file the certificate of review (# **104**), and Mr. Davis timely filed such a certificate (# **105**). The United States has not objected.

## II.    Analysis

In the absence of timely objection to the Magistrate Judge's Recommendation, the Court may review the Recommendation under any standard it deems appropriate. *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991). Nonetheless, the United States initially challenged the Court's jurisdiction. "A federal court must in every case, and at every stage of the proceeding, satisfy itself as to its own jurisdiction, and the court is not bound by the acts or pleadings of the parties." *Citizens Concerned for Separation of Church & State v. City & Cnty. of Denver*, 628 F.2d 1289, 1301 (10th Cir. 1980). The Court thus engages in *de novo* review, and reaches the same conclusion as the Magistrate Judge.

A district court lacks subject matter jurisdiction to proceed under the FTCA if a plaintiff fails to present the relevant claim to the appropriate federal agency within two years of the claim's accrual and to file suit within six months after receiving notice of denial of the claim by

the agency.  *Franklin Savings Corp. v. United States* (*In re Franklin Savings Corp.*), 385 F.3d

1279, 1287 (10th Cir. 2004); *see also* 28 U.S.C. § 2401(b).  Mr. Davis filed an administrative tort

claim with the BOP and he received notice of the denial of his claim on February 13, 2012.  He

had six months from that date to file suit under the FTCA.  Although his original complaint and

APCSD were filed during that six month period, his amended complaint was not.  Thus, the

amended complaint is only timely, and the Court only has jurisdiction, if the amended complaint

relates back to the original complaint or the APCSD.  *See, e.g.*, *Denney v. U.S. Postal Serv.*, 916

F. Supp. 1081, 1083-84 (D. Kan. 1996).

Federal Rule of Civil Procedure 15 provides:

(c) Relation Back of Amendments.
(1) When an Amendment Relates Back. An amendment to a pleading relates back
to the date of the original pleading when:
   (A) the law that provides the applicable statute of limitations allows
   relation back;
   (B) the amendment asserts a claim or defense that arose out of the
   conduct, transaction, or occurrence set out—or attempted to be set out—in
   the original pleading; or
   (C) the amendment changes the party or the naming of the party against
   whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the
   period provided by Rule 4(m) for serving the summons and complaint, the
   party to be brought in by amendment:
      (i) received such notice of the action that it will not be prejudiced
      in defending on the merits; and
      (ii) knew or should have known that the action would have been
      brought against it, but for a mistake concerning the proper party's
      identity.
(2) Notice to the United States. When the United States or a United States officer
or agency is added as a defendant by amendment, the notice requirements of Rule
15(c)(1)(C)(i) and (ii) are satisfied if, during the stated period, process was
delivered or mailed to the United States attorney or the United States attorney's
designee, to the Attorney General of the United States, or to the officer or agency.

Fed. R. Civ. P. 15.  Mr. Davis must demonstrate that he complied with the requirements of Rule 15(c)(1)(C) or 15(c)(2).[2]

As an initial matter, as the Magistrate Judge concluded, the amendment satisfies Rule 15(c)(1)(B) because it "clearly" asserts a claim arising out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading.  Mr. Davis also demonstrates compliance with Rule 15(c)(1)(C)(i).  The Supreme Court specifically rejected the contention that Rule 15(c) requires a plaintiff to move to amend the complaint or to file and serve an amended complaint within the 120-day period provided by Federal Rule of Civil Procedure 4(m),[3] but rather stated that the prospective defendant need only receive sufficient notice of the action within the period to avoid being prejudiced in defending the case on the merits.  *See Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 554 n.5 (2010).  "[T]he notice need not be formal."  *Id.* (quotation omitted).  The United States Court of Appeals for the Tenth Circuit has recognized that AUSAs are officers or agents of the United States and even, in some contexts, alter egos of the United States.  *United States v. Singleton*, 165 F.3d 1297, 1300 & n.1

---

[2]    The Court does not read Rule 15(c)(2) to operate as the exclusive method of complying with Rule 15(c)(1)(C)(i) and (ii) when the United States is added as a defendant by amendment. The plain text of the Rule suggests that 15(c)(2) merely offers one method of proving compliance with Rule 15(c)(1)(C)(i) and (ii), and the Court has not been directed to caselaw to the contrary.  *See also Knott v. Donahoe*, No. 3:11-CV-00256-CWR-FKB, 2011 WL 6399920, at *4-6 (S.D. Miss. Dec. 20, 2011); *Ikelionwu v. Nash*, No. 06-625, 2008 WL 762864, at *4 (D.N.J. Mar. 19, 2008).

[3]    Federal Rule of Civil Procedure 4(m) provides:

Time Limit for Service.  If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.  This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

(10th Cir. 1999) (en banc).  As noted above, the AUSA recognized – before 120 days passed after the filing of the original complaint and during the six month period allowed by the FTCA – that Mr. Davis was attempting to amend his complaint to add an FTCA claim against the United States.  The Court agrees with the Magistrate Judge that the government "received such notice of the action that it will not be prejudiced in defending on the merits."

With regard to Rule 15(c)(1)(C)(ii), the Supreme Court held that the Rule looks to the prospective defendant's knowledge during the Rule 4(m) period, not the plaintiff's knowledge at the time of the filing of the original complaint.  *Krupski*, 560 U.S. at 548.  Thus, the question is whether the United States "knew or should have known that the action would have been brought against it, but for [Mr. Davis'] mistake concerning the proper party's identity."  Fed. R. Civ. P. 15(c)(1)(C)(ii).  Mr. Davis' conduct is relevant to the extent it may have informed the United States during the Rule 4(m) period that he had made a mistake.  *See Krupski*, 560 U.S. at 555. The government argues that "the United States Attorney's Office receives hundreds of prisoner case filings each year, and it cannot be expected to anticipate which Plaintiff may seek to amend a particular complaint to add a new party or claim."  However, in the present matter, the APCSD articulated that Mr. Davis errantly brought *Bivens* claims against two employees of the Public Health Service, claims that were preempted by the FTCA and should have been – indeed, could only have been – brought against the United States.  *See* 42 U.S.C. § 233(a); *Hui v. Castaneda*, 559 U.S. 799, 806 (2010).  Thus, there was no need for the government to divine Mr. Davis' intentions.  Rather, the United States knew, or should have known, that Mr. Davis only failed to name the United States as a defendant because of a mistake – that is, "'[a]n error, misconception, or misunderstanding; an erroneous belief,'" *Krupski*, 560 U.S. at 548 (quoting Black's Law Dictionary 1092 (9th ed. 2009)) – as to the identity of the proper defendant.  Moreover, in

another case, the United States has "note[d] that a mistake in naming parties can sometimes be apparent when a cause of action is only cognizable against the United States." *Al-Dahir v. F.B.I.*, 454 F. App'x 238, 242 (5th Cir. 2011) (unpublished). The United States "has articulated no strategy that it could reasonably have thought [Mr. Davis] was pursuing in suing a defendant that was legally unable to provide relief." *Krupski*, 560 U.S. at 555. As the Supreme Court stated, "repose would be a windfall for a prospective defendant who understood, or who should have understood, that he escaped suit during the limitations period only because the plaintiff misunderstood a crucial fact about his identity." *Id.* at 550. The Court agrees with the Magistrate Judge that Mr. Davis' amended complaint relates back to the original complaint. The FTCA does not prevent the Court from exercising subject matter jurisdiction over this case.

Additionally, the Court finds no error in the Magistrate Judge's treatment of the government's motion with regard to the certificate of review (**# 105**), which was filed within the time granted by the extension (**# 104).**

**IT IS THEREFORE ORDERED** that the Recommendation (**# 107**) is **ADOPTED**, and the Defendant's Motion to Dismiss (**# 91**) is **DENIED**.

Dated this 25th day of September, 2014.

**BY THE COURT:**

Marcia S. Krieger
Chief United States District Judge